## Spradlin v. Spradlin, et al.

(Decided May 27, 1913.)

### (Appeal from Johnson Circuit Court).

1. Deeds—When Deed Will Not Be Reformed for Grantor.—A deed will not be reformed for the grantor where it was written according to his instructions and he executed it understanding its purport.

2. Deeds—When Deed Will Not Be Cancelled.—Where a deed provided that the grantee should give the grantors one-third of the crops during their lives, and should cut no timber from the land, it will not be cancelled where the grantee has cultivated the land according to the usual course of husbandry although the crops have fallen off; and it will not be cancelled for the cutting of timber which was done with the knowledge and consent of the grantors, although it provides that it shall be void if the grantee violates its stipulations.

J. F. BAILEY, C. B. WHEELER for appellant.

VAUGHAN, HOWES & HOWES for appellees.

Opinion of the Court by Chief Justice Hobson— Affirming.

Dan Spradlin and wife on February 15, 1901, conveyed by deed to his nephew, Britton Spradlin, a part of his home place and on September 13, 1910, he brought this suit to set aside the deed. The deed was made in consideration of natural love and affection, and it was stipulated in it that Britton was to occupy and cultivate the premises and turn over annually to Spradlin and wife one-third of the products of the land; that the grantors were to hold possession of the land and the full use and control of it as long as they lived; that no timber was to be sold from the land during the lives of the grantors; and that should Britton fail or refuse to comply with the stipulations of the deed, the conveyance was to be null and void. Spradlin alleged in the petition that Britton had failed to cultivate the premises, and to turn over annually to him one-third of the products of the land; that he had sold timber from the land, and had allowed the land to go to waste and run down. By an amended petition he alleged that a part of the consideration of the deed was that Britton should treat kindly and provide for him and his wife as long as they lived; that this provision had been omitted from the deed by mistake, and that Britton had not treated him kindly or provided for him. The wife of Spradlin died some years after the deed was made. Britton filed an answer in which he controverted the allegations of the petition; proof was taken, and on final hearing the circuit court dismissed it. Dan Spradlin appeals.

The deed was drawn by an attorney at the instance of Dan Spradlin. The first draft which the attorney made did not suit him and a second draft was made conforming to his instructions. Some days later he and his wife signed and acknowledged the deed well understanding its provisions; and upon all the evidence the circuit court did not err in refusing to reform the deed on the ground that any part of the consideration had been omitted by mistake. (Chappell v. Chappell, 119 S. W., 218; Lincks v. Lincks, 141 Ky., 627).

The proof shows that Dan Spradlin and his wife had no children; that Britton was a favorite nephew, and had been induced by Spradlin to move upon his farm and live there as his tenant. After he had thus lived there with his uncle for about seventeen years, the deed was made by which a part of the farm was conveyed to

him with the restrictions above mentioned. At the time the deed was made he was proposing to move to other lands and the deed was executed to induce him to stay there with his uncle, the uncle reserving the rental of one-third of all the crops and the right to control the use of the land. Under this restriction it is clear that it was meant that Dan Spradlin had the right to direct Britton as to the manner the farm should be cultivated as he had previously done while Britton was his tenant. There was no trouble between the parties as long as Dan Spradlin's wife lived. The trouble now between them seems to have grown up since her death, and from inadequate causes. Britton seems to have cultivated the land much as other farms in the neighborhood were used, and without any complaint at the time from Dan Spradlin as to how he was managing it or direction from him to do differently. The proof fails to show any such misuse of the farm by Britton as would forfeit his rights under the deed. It is true he has cut some timber from the farm, and Dan Spradlin has cut some timber. But the weight of the evidence shows that Britton cut the timber which he cut with the consent of Dan Spradlin. Certainly the evidence shows that all that he did was done with the knowledge of Dan Spradlin and without objection on his part. We think it evident from the circumstances of the parties and their previous dealings that Britton should treat Dan Spradlin as a child would treat his father under like circumstances, and that he should in his old age care for him, and protect him as a child should care for and protect his father. The obligation also rests upon Dan Spradlin to be considerate and kind to Britton. If both will try in good faith and in kindness to live up to the deed, the bad state of feeling that has led to this controversy will soon be replaced by the old relationship between them.

Judgment affirmed.